Filed 5/6/16  P. v. Gammell CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>THOMAS JAMES GAMMELL,<br><br>Defendant and Appellant. | F070681<br><br>(Super. Ct. Nos. MCR035579B & MCR036184A)<br><br>**OPINION** |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Stephen Gilbert, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Levy, Acting P.J., Kane, J. and Peña, J.

## PROCEDURAL AND FACTUAL SUMMARY

On November 23, 2009, defendant Thomas James Gammell pled guilty to one felony count of taking a vehicle (Veh. Code, § 10851, case No. MCR035579) and one felony count of second degree burglary (Pen. Code, § 459, case No. MCR036184A). Defendant admitted two prior prison term enhancements (Pen. Code, § 667.5, subd. (b)). Defendant executed declarations regarding his guilty pleas, acknowledging and waiving his constitutional rights pursuant to *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122. Defendant also acknowledged the consequences of his plea and a factual basis for his change of plea. Under the terms of the plea agreement, defendant agreed to a stipulated prison term of four years, to be suspended while he completed a drug rehabilitation program.

On December 23, 2009, the trial court sentenced defendant according to the terms of the plea agreement to a prison term of four years, suspended execution of defendant's sentence, and placed defendant on formal probation upon various terms and conditions for five years. The remaining allegations against him were dismissed. Defendant did not file an appeal from these proceedings.

Defendant admitted he violated the terms of his probation on May 26, 2010, December 3, 2010, August 9, 2011, and January 22, 2013. On each occasion, the trial court ordered defendant to a term in county jail or to serve community service and reinstated his probation. On April 1, 2014, the probation department filed a notice that defendant was in violation of the terms of his probation because he tested positive for the presence of methamphetamine and marijuana and had yet to reenroll or complete the Madera Day Reporting Program.

On April 18, 2014, the court conducted a hearing on defendant's latest violation of probation. Defense counsel indicated defendant would admit the allegations. The court advised defendant of his rights to a contested hearing, which defendant waived. Defendant indicated he had discussed these rights with his attorney, understood them, and

2.

had no questions for the trial court. Defendant admitted he was in violation of the terms and conditions of his probation as alleged by the probation department.

On September 9, 2014, the court sentenced defendant in case No. MCR035579B, taking a vehicle, to a prison term of two years plus a consecutive term of one year for each prior prison term enhancement. Defendant's total sentence was set at four years. The court imposed a concurrent term of two years for defendant's conviction for burglary in case No. MCR036184A. The court imposed a restitution fine of $200 in each case and imposed various other fines, penalties, and fees. Defendant received total custody credits of 792 days in case No. MCR035579B and 1,302 days in case No. MCR036184A. On December 31, 2014, the trial court granted defendant's motion to reduce defendant's burglary conviction in case No. MCR036184A from a felony to a misdemeanor pursuant to section 1170.18. Defendant's concurrent prison term for that conviction was ordered to be served in local custody and the court ordered an amended abstract of judgment. Defendant failed to obtain a certificate of probable cause.

Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

## APPELLATE COURT REVIEW

Defendant's appointed appellate counsel has filed an opening brief summarizing the pertinent facts, raising no issues, and requesting this court to review the record independently. (*People v. Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating defendant was advised he could file his own brief with this court. By letter on April 24, 2015, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.